## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James J. Hubbs,              ) | No. CV 10-1318-PHX-GMS (LOA) |
|                              ) | |
| Petitioner,      ) | **ORDER** |
|                              ) | |
| vs.                          ) | |
|                              ) | |
| Robert C. Houser,            ) | |
|                              ) | |
| Respondent.      ) | |
|                              ) | |

Petitioner James J. Hubbs has filed a "Petition For Writ of *Habeas Corpus* By A Person On Release To Be In State Custody, Pursuant To 28 U.S.C. § 2254" (Doc. 1) (Petition), a "Memorandum In Support Of Petition For Writ Of *Habeas Corpus*" (Doc. 2) (Memorandum), and an "Appendix For Memorandum Of Petition For Writ Of *Habeas Corpus*" (Doc. 3) (Appendix). The $5.00 filing fee has been paid. Petitioner is represented by Joseph Saienni, Esq., and W. Clifford Girard, Jr., Esq. The Court will dismiss the Petition with leave to amend.

**I.      Petition**

Robert C. Houser, Maricopa County Superior Court Judge, is named as Respondent in the Petition. In the Petition, Petitioner challenges his February 12, 2008, jury conviction in the Arcadia Biltmore Justice Court of Maricopa County, in case number TR2006-178524, of driving while intoxicated, in violation of A.R.S. § 28-1381(A)1, a class one misdemeanor.

1   On June 18, 2008, Petitioner was sentenced to ten days in jail, with nine days being
2   suspended upon completion of alcohol screening and counseling, and payment of fines and
3   assessments. Petitioner was also required to have an alcohol detecting interlock on his
4   vehicle.

5   Petitioner alleges that he is currently on release "pending his appeal status and the
6   resolution of this Petition." Petitioner further alleges that he has exhausted his state remedies
7   and that, on June 18, 2010, the Justice Court stayed his order of confinement pending the
8   resolution of this Petition.

9   In the Petition, Petitioner notes that his claims for relief are set out in detail in his
10  Memorandum. However, the Memorandum which was filed in this Court appears to be
11  missing pages i, iii, and 1. Page ii lists Petitioner's Claims C, D, E, F, and G. Apparently,
12  Claims A and B are listed on the missing page i. Thus, the Petition and Memorandum are
13  not reviewable in any meaningful way by this Court because it is unclear precisely what are
14  Petitioner's first two claims.

15  **II.      Improper Respondent**

16  In the Petition, Petitioner has failed to name his current custodian, "the state officer
17  having custody of the applicant," as the Respondent. See Rule 2(a), Rules Governing
18  Section 2254 Cases in the United States District Court. Instead, Petitioner has named the
19  Honorable Robert C. Houser, Maricopa County Superior Court Judge, as Respondent.

20  A petitioner for habeas corpus relief under 28 U.S. § 2254 must name the state officer
21  having custody of him as the respondent to the petition. Belgarde v. Montana, 123 F.3d
22  1210, 1212 (9th Cir. 1997). "Failure to name the petitioner's custodian as a respondent
23  deprives federal courts of personal jurisdiction." Stanley v. California Supreme Court, 21
24  F.3d 359, 360 (9th Cir. 1994).

25  Typically, a petitioner's custodian is the warden of the institution where the petitioner
26  is incarcerated. However, because Petitioner is not in physical custody, it appears that the
27  appropriate Respondent in this instance is the Attorney General of the State of Arizona. See
28  Rule 2(b), Rules Governing Section 2254 Cases in the United States District Courts,

1 Advisory Comm. Notes (1976) (if the "applicant is in custody in any manner differing from"
2 being "in jail, prison, or other actual physical restraint" or "on probation or parole," the
3 "named respondent should be the attorney general of the state wherein such action was
4 taken"); see also Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) ("In other cases,
5 the petitioner may name the state attorney general"). Accordingly, in order to confer
6 personal jurisdiction on this Court, Petitioner should have named the Attorney General of the
7 State of Arizona as Respondent.

**III. Dismissal of Petition with Leave to Amend**

For the above reasons, the Petition will be dismissed without prejudice, with leave to file an amended petition that contains all of Petitioner's claims for relief and names a proper respondent.

Petitioner should take notice that if he fails to timely file an amended petition, the Clerk of Court will enter a judgment of dismissal of this action without further notice to Petitioner.

**IT IS ORDERED:**

(1) The Petition (Doc. 1) is **dismissed without prejudice, with leave to amend**. Petitioner has **30 days** from the date this Order is filed **to file** an amended petition in compliance with this Order.

(2) **If** Petitioner fails to file an amended petition within 30 days from the filing date of this Order, the Clerk of Court **must enter**, without further notice to Petitioner, a judgment of dismissal of this action without prejudice.

DATED this 4th day of August, 2010.

*H. Murray Snow*
G. Murray Snow
United States District Judge