**WO**  RP

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James J. Hubbs, | No. CV 10-1318-PHX-GMS (LOA) |
| Petitioner, | **ORDER** |
| vs. | |
| Robert C. Houser, et al., | |
| Respondents. | |

On June 23, 2010, Petitioner James J. Hubbs filed a "Petition For Writ of *Habeas Corpus* By A Person On Release To Be In State Custody, Pursuant To 28 U.S.C. § 2254" (Doc. 1) (Petition), a "Memorandum In Support Of Petition For Writ Of *Habeas Corpus*" (Doc. 2) (Memorandum), and an "Appendix For Memorandum Of Petition For Writ Of *Habeas Corpus*" (Doc. 3) (Appendix). The $5.00 filing fee was paid. Petitioner is represented by Joseph Saienni, Esq., and W. Clifford Girard, Jr., Esq.

By Order filed August 4, 2010 (Doc. 10), the Court dismissed the Petition without prejudice, with leave to amend. Petitioner was given 30 days from the filing date of the Order to file an amended petition in compliance with the Order.

On the same day, August 4, 2010, Petitioner filed a First Amended Petition (Doc. 9) (Amended Petition). Then, on August 5, 2010, Petitioner filed a pleading entitled "Notice Of Filing Of First Amended Petition For Writ Of *Habeas Corpus*[;] Request To Vacate

**TERMPSREF**

1  Dismissal Order[;] Request To Direct Clerk To Serve Petition On Attorney General Of The
2  State Of Arizona[;] Request That The Court Order A Response To The Petition" (Doc. 11).

3  **I.     Amended Petition**

4      Named as Respondents in the Amended Petition (Doc. 9) are: (1) Robert C. Houser,
5  Maricopa County Superior Court Judge; (2) Terry Goddard, Attorney General for the State
6  of Arizona; and (3) Steve Sarkis, Arcadia Biltmore Justice of the Peace.

7      In the Amended Petition, Petitioner challenges his February 12, 2008, jury conviction
8  in the Arcadia Biltmore Justice Court of Maricopa County, in case number TR2006-178524,
9  of driving while intoxicated, in violation of A.R.S. § 28-1381(A)1, a class one misdemeanor.
10 On June 18, 2008, Petitioner was sentenced to ten days in jail, with nine days being
11 suspended upon completion of alcohol screening and counseling, and payment of fines and
12 assessments. Petitioner was also required to have an alcohol detecting interlock on his
13 vehicle.

14     Petitioner alleges that he is currently on release "pending his appeal status and the
15 resolution of this Petition." Petitioner further alleges that he has exhausted his state remedies
16 and that, on June 18, 2010, the Justice Court stayed his "order of confinement pending the
17 resolution of this Petition."

18     In the Amended Petition, Petitioner claims that his detention is unlawful because he
19 was denied due process of law as guaranteed by the Fifth, Sixth, and Fourteenth
20 Amendments of the United States Constitution "due to the intentional and tactical
21 misconduct of the prosecutor who argued at trial, the alleged existence and meaning of
22 evidence that was not in the record, which alleged evidence was contrary to the evidence in
23 the record, and evidence that prosecution had promised to Petitioner on the record not to use
24 at trial."

25     The Court will call for an answer to the Amended Petition.

26 **II.    Dismissal of Unnecessary Respondents**

27     A petitioner for habeas corpus relief under 28 U.S. § 2254 must name the state officer
28 having custody of him as the respondent to the petition. <u>Belgarde v. Montana</u>, 123 F.3d

1210, 1212 (9th Cir. 1997). "Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

Typically, a petitioner's custodian is the warden of the institution where the petitioner is incarcerated. However, because Petitioner in not in physical custody, it appears that the appropriate Respondent in this instance is the Attorney General of the State of Arizona. See Rule 2(b), Rules Governing Section 2254 Cases in the United States District Courts, Advisory Comm. Notes (1976) (if the "applicant is in custody in any manner differing from" being "in jail, prison, or other actual physical restraint" or "on probation or parole," the "named respondent should be the attorney general of the state wherein such action was taken"); see also Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) ("In other cases, the petitioner may name the state attorney general"). Accordingly, Petitioner has properly named Terry Goddard, the Attorney General of the State of Arizona, as a Respondent in the Amended Petition.

However, Petitioner has also named Robert C. Houser, Maricopa County Superior Court Judge, and Steve Sarkis, Arcadia Biltmore Justice of the Peace, as Respondents in the Amended Petition. Because they are unnecessary Respondents, they will be dismissed from this action without prejudice.

### III.    Pending Requests

On August 5, 2010, Petitioner filed a pleading entitled "Notice Of Filing Of First Amended Petition For Writ Of *Habeas Corpus*[;] Request To Vacate Dismissal Order[;] Request To Direct Clerk To Serve Petition On Attorney General Of The State Of Arizona[;] Request That The Court Order A Response To The Petition" (Doc. 11). Petitioner's requests will all be denied, partly because Petitioner requests service and a response to the Petition rather than to the Amended Petition.

**IT IS ORDERED:**

(1)    Petitioner's requests in his pleading entitled "Notice Of Filing Of First Amended Petition For Writ Of *Habeas Corpus*[;] Request To Vacate Dismissal Order[;]

1  Request To Direct Clerk To Serve Petition On Attorney General Of The State Of Arizona[;]
2  Request That The Court Order A Response To The Petition" (Doc. 11) are all **denied**.

3  (2) Respondents Robert C. Houser and Steve Sarkis are **dismissed without**
4  **prejudice** from this action.

5  (3) The Clerk of Court **must serve** a copy of the Amended Petition (Doc. 9) and
6  this Order on the Respondent Terry Goddard, Attorney General of the State of Arizona, by
7  certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

8  (4) Respondent Terry Goddard **must answer** the Amended Petition within 40 days
9  of the date of service. Respondent Goddard must not file a dispositive motion in place of an
10 answer but may file an answer limited to relevant affirmative defenses, including but not
11 limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited
12 to affirmative defenses, only those portions of the record relevant to those defenses need be
13 attached to the answer. Failure to set forth an affirmative defense in an answer may be
14 treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not
15 limited to affirmative defenses, the answer must fully comply with all of the requirements
16 of Rule 5 of the Rules Governing Section 2254 Cases.

17 (5) Petitioner **may file** a reply within 30 days from the date of service of the
18 answer.

19 (6) This matter is **referred** to Magistrate Judge Lawrence O. Anderson pursuant
20 to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a
21 report and recommendation.

22 DATED this 4th day of November, 2010.

G. Murray Snow
United States District Judge

- 4 -